[Civ. No. 8097. Second Appellate District, Division One.—October 22, 1934.]

WILLIAM B. WEIR et al., as Trustees, etc., Respondents, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellant.

Hunsaker & Cosgrove and Cosgrove & O'Neil for Respondents.

HOUSER, J.—This is an appeal presented by the defendant from a judgment rendered against it by which the

defendant is required to pay the face of the amount specified in a policy of insurance that was issued by the defendant on the life of one William R. Whittier.

The case has been thrice tried. The result of the first trial was a judgment in favor of the defendant, which, on appeal therefrom, was reversed. (*Weir* v. *New York Life Ins. Co.,* 91 Cal. App. 222 [266 Pac. 996].) On the second trial, again judgment was rendered in favor of the defendant, but which judgment the trial court set aside and a new trial was granted. The third trial resulted in a judgment in favor of plaintiffs; and it is from that judgment that the instant appeal is taken.

Although the bearing and the legal effect upon the judgment herein of what is designated as the "law of the case", as determined by the respective applications of pertinent principles of law set forth in the opinion filed in the case of *Weir* v. *New York Life Ins. Co., supra,* is ably presented by respective counsel for the consideration of this court,— since the ultimate question that is determinative of the instant appeal is whether the findings made by the trial court and the ensuing judgment are supported by the evidence that was adduced on the trial of the action, it becomes unnecessary to devote attention either to the "law of the case" (91 Cal. App.), or to any other incidental or dependent question connected therewith. Nor, since the essential facts of the case are sufficiently outlined in the opinion rendered on the hearing of the former appeal (91 Cal. App. 222), is it deemed requisite that they again be set forth herein.

 Regarding the legal sufficiency of the facts presented in evidence on the third trial of the action to support the controverted findings of fact and the ensuing judgment, it is only necessary to state that, with the exception of one of such findings, they were all made at least on substantial evidence presented by the plaintiffs, which was in conflict with that presented by the defendant with relation to such findings. The rule is universal that a judgment rendered in such circumstances cannot be disturbed by an appellate tribunal. As to the remaining finding of fact of which complaint is made, the pleadings disclose the situation that the fact embraced within such finding of fact was pleaded as an affirmative defense to the

action that was interposed by the defendant. To establish such fact, the burden of presenting evidence in its support rested on the defendant. In that regard, the trial record fails to disclose that the defendant introduced any evidence to substantiate that particular fact;—which situation amply justified the trial court in finding the ultimate fact contrary to the allegation thereof by the defendant. The principles of law applicable to the several conclusions announced herein are so thoroughly established that it is considered unnecessary to burden this opinion with their citation.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 20, 1934.